[No. 40592.  En Banc.  May 7, 1970.]

THE STATE OF WASHINGTON, *on the Relation of John C. Beam, Respondent,* v. CIVIL SERVICE COMMISSION OF THE CITY OF SPOKANE *et al., Appellants.*\*

\*Reported in 468 P.2d 998.

*Norman dePender, Philip H. Irwin,* and *John Madden,* for appellants.

*Joseph J. Rekofke* and *Cashatt, Williams, Connelly & Rekofke,* for respondent.

PER CURIAM.—The Superior Court for Spokane County entered judgments granting a peremptory writ of mandamus and a peremptory writ of prohibition against the Spokane Civil Service Commission.

By writ of mandamus, the court directed that the commission restore relator, John C. Beam, to the position of Chief Examiner of the Civil Service Commission as of October 2, 1967, he to hold the position

> until such time as discharged, demoted, or downgraded in accordance with the provisions of the Spokane City Charter and the Rules of the Civil Service Commission.

By writ, the court prohibited the commission from:

> Taking any further action with respect to the amendment of Section 4 of Rule 1 of the Rules of the Civil Service Commission of the City of Spokane insofar as said amendment may provide for a *Civil Service Director as the chief administrative officer of the Civil Service staff.* [Italics ours.]

The civil service commission appeals, making two assignments of error:

1. The trial court erred *in finding* [italics ours] that the chief examiner had been "demoted" by the Civil Service Commission.

2. The trial court erred in construing Section 52 (c) of the Charter of the City of Spokane to mean the chief examiner shall be the chief administrative officer, thus precluding the Civil Service Commission from establishing the position of Director of Civil Service.

The first assignment of error does not meet the requirements of ROA I-43. No error is assigned to the court's finding that

> the relator John C. Beam has been demoted contrary to the provisions of the Charter of the City of Spokane and

the Rules of the Civil Service Commission of said city; . . .

and it becomes an established fact of the case. ROA I-43.

The finding appears to be of little consequence, however, since, in oral argument before us, counsel for the commission conceded that relator's compensation could not be diminished by the administrative machinations of the commission. We agree.

The sole question remaining is whether the Spokane City Charter, adopted in 1960, gave the civil service commission power and authority to establish the position of civil service director as the administrative head of the civil service staff with authority over and above relator as the chief examiner of the civil service commission.

The trial court held that the commission did not have this power. We again agree.

Article 6, section 52 (c) of the Spokane City Charter specifically pertains to staffing the civil service commission.

The commission shall employ a chief examiner and such Civil Service assistants and employees as may be necessary, who shall be under Civil Service. The chief examiner shall also act as secretary for the commission. He shall keep minutes of its proceedings, which shall be public, and preserve all reports made to it. He shall keep a record of all examinations held and perform such other duties as the commission may prescribe.

The charter makes no mention of a civil service director. Relator was employed as chief examiner and exercised administrative duties and responsibilities over the civil service commission staff as provided by rules of the commission.

October 2, 1967, relator was relieved of all administrative duties by the chairman of the commission; however, relator was to continue as chief examiner and secretary. The trial court found that the duties assigned to relator "were consistent with those exercised by a technician."

October 16, 1967, the civil service commission adopted a resolution amending section 4, rule 1 of the rules of the com-

mission authorizing the addition of a director, who was to be the administrative head of the civil service staff.

■ It is apparent that this case presents a clear instance of the civil service commission trying to accomplish an end by a method not authorized by the city charter.

The city charter established a "chief examiner." The term "chief" is used to indicate the paramount authority in a bureaucratic structure. There is no one who is superior to the "chief" in the field in which his authority is exercised. The Oxford English Dictionary (Oxford University Press 1933) defines "chief" as: "The head, top, upper end of anything." Any dictionary will give a comparable definition.

■■ We give statutory language its usual and ordinary meaning. The civil service commission may make rules within the framework of the city charter, but it cannot, by rules, change the city charter. We find nothing in the city charter authorizing the civil service commission to place the chief examiner in a subordinate position.

To adopt the rationale of the commission's theory could lead to absurdity. When it was dissatisfied with the administrative director, it could reclassify his duties, and appoint a senior administrative executive over him. The charter does not contemplate such a procedure.

The judgments of the trial court are affirmed.

FINLEY, J., concurs in the result.